UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:

FAZENDAS REUNIDAS
BOI GORDO, S.A.                                  Chapter 15
                                                 Case No. _____

      Debtor in a Foreign Proceeding,
_____/

## VERIFIED PETITION FOR RECOGNITION OF FOREIGN MAIN PROCEEDING PURSUANT TO §§ 1515 AND 1517

Gustavo Henrique Sauer de Arruda Pinto ("Trustee"), as Trustee of Fazendas Reunidas Boi Gordo, S.A. ("Boi Gordo") within the meaning of 11 U.S.C. § 1502(6), through his attorneys, Astigarraga Davis Mullins & Grossman, P.A., respectfully moves this court for entry of an order pursuant to §1517 of the Bankruptcy Code recognizing as a Foreign Main Proceeding a bankruptcy action pending in the First Civil Central District Court of the City of São Paulo, Brazil, as more fully described herein, granting related relief pursuant to §§ 1520 and 1521 of the Bankruptcy Code, and granting any additional relief which may be available under Chapter 15 of the Bankruptcy Code.

### PRELIMINARY STATEMENT

1.    The Trustee has commenced this case pursuant to 11 U.S.C. § 1504 seeking recognition of a proceeding ("Boi Gordo Proceeding") pending in the First Civil Central District Court of the City of São Paulo, Brazil (the "São Paulo Court") as a Foreign Main Proceeding, as defined in 11 U.S.C. § 1502(4) and § 101(23), and seeking relief as of right under § 1520 and further relief available under § 1521. The Trustee is contemporaneously filing a declaration (the "Trustee's Declaration").

2.  The Statement of Foreign Representative, as required by § 1515(c) of the Bankruptcy Code, together with a list of Administrators, Parties and Entities pursuant to Rule 1007(a)(4) of the Federal Rules of Bankruptcy, is attached hereto as Exhibit "A".

3.  As required by § 1515 of the Bankruptcy Code, the Petition is accompanied by a certified and translated copy of that certain Order dated April 2, 2004, by the São Paulo Court placing Boi Gordo[1] into "falência", or bankruptcy, pursuant to the laws of Brazil and appointing the Trustee ("Bankruptcy Order"),[2] attached hereto as part of Composite Exhibit "B".

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109 and 1501. Venue of this proceeding is proper in this judicial district pursuant to 28 U.S.C. § 1410. This is a core proceeding under 28 U.S.C. § 157(b)(2)(p).

## FACTUAL BACKGROUND

### A. Boi Gordo

5.  Boi Gordo was an agricultural business created in 1988 that enjoyed meteoric success prior to October 2001, when it was forced to seek protection from the Brazilian courts against its creditors, eventually leading to one of the biggest bankruptcies in the history of Brazil. The business model of Boi Gordo was investor-driven - investors would provide cash in exchange for Certificados de Investimentos Coletivos (Certificates of Collective Investments)

---

[1] As explained infra, "Boi Gordo" as used herein also refers, where appropriate, to the following entities and individuals, to which the Brazilian court handling the bankruptcy extended the effects of the bankruptcy: FRGB Agropecuária e Participações Ltda.; Uruguaiana Agropecuária Comércio de Gado Bovino Ltda.; Colonizadora Boi Gordo Ltda.; HD Empreendimentos e Participações Ltda.; Casa Grande Parceria Rural Ltda.; and Mr. Paulo Roberto de Andrade (the "Related Parties").

[2] As discussed infra, prior to the Bankruptcy Order, Boi Gordo requested, and was granted, a "Concordata Preventiva," (Preventive Composition) which under Brazilian law is a prelude or alternative to full bankruptcy. A certified and translated copy of the order forming the Preventive Composition, dated October 16, 2001, is attached hereto as part of Composite Exhibit "B".

Also attached hereto as part of Composite Exhibit "B" is a certified and translated copy of an order from the São Paulo Court dated April 20, 2006, extending the effects of the Bankruptcy Order to certain parties related to Boi Gordo, and reappointing the Trustee.

2

that guaranteed abnormally high returns, usually a minimum of 42% of the initial investment in 18 months, the time required for cattle to fatten up sufficiently for sale, under the premise that the invested money would be used to buy continually larger amounts of cattle and land.

6. As thousands of investors later found out, though, Boi Gordo's principals, and in particular one Paulo Roberto de Andrade, were misapplying the invested money, for instance, to pay prior investors' returns (i.e., a Ponzi scheme), and as investments in the principals' own businesses, such as real estate development companies.

7. In or around 2001, a weak cattle market, combined with the years of mismanagement and bogus investments, led to Boi Gordo being unable to satisfy its debts and resulted in Boi Gordo petitioning the Brazilian courts for protection from its creditors, in the form of a Preventive Composition, which was granted (noted supra). After some years in that status, Boi Gordo was entered into full bankruptcy, in 2004, leaving some 31,400 creditors competing to recoup some R$ 2.5 billion (approximately U.S. $1,449,611,504.13 at today's rate of exchange from Brazilian reais).

8. Upon information and belief, Boi Gordo did business through banks in Miami and elsewhere, for instance, it is known that Boi Gordo had at least one bank account with a Miami-based branch of Coutts Group (which eventually was acquired by Banco Santander Central Hispano). A copy of a Boi Gordo account statement from the Coutts Group bank is attached hereto as Exhibit "C".

### A.   The Brazilian Proceeding

9. On or about October 15, 2001, Boi Gordo petitioned the Court of the City of Comodoro, State of Mato Grosso, for a Preventive Composition. The court granted the request the following day. See Composite Exhibit "B".

3

10. The case was eventually transferred to the São Paulo Court and on April 2, 2004, that court declared Boi Gordo to be in full bankruptcy, and appointed Gustavo Henrique Sauer de Arruda Pinto as trustee. See Composite Exhibit "B". A copy of Mr. Pinto's acceptance to the appointment is attached hereto as Exhibit "D".

11. On April 20, 2006, the São Paulo Court entered an order reappointing Mr. Pinto as trustee. A copy of Mr. Pinto's acceptance to the appointment is attached hereto as Exhibit "E". The court also extended the effects of the Bankruptcy Order to certain related parties of Boi Gordo and declared them liable for the obligations of Boi Gordo, those entities being:

- FRGB Agropecuária e Participações Ltda.
- Uruguaiana Agropecuária Comércio de Gado Bovino Ltda.
- Colonizadora Boi Gordo Ltda.
- HD Empreendimentos e Participações Ltda.
- Casa Grande Parceria Rural Ltda.
- Mr. Paulo Roberto de Andrade

See Composite Exhibit "B".

12. The bankruptcy remains pending and the Trustee is overseeing efforts to identify, locate, and capture assets belonging to Boi Gordo and the Related Parties.

13. The Trustee is currently aware of no legal proceedings in the U.S. wherein Boi Gordo or the Related Parties is a party other than the instant petition, nor of any creditors of Boi Gordo or of the Related Parties from the U.S.

14. The Trustee desires to proceed with the investigation into the assets of Boi Gordo and of the Related Parties that are in the U.S., the assets of Boi Gordo and the Related Parties

ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.

that were transferred through the U.S. and which may still be located here, and the transactions involving Boi Gordo and the Related Parties with persons resident or located in the U.S.

## RECOGNITION IS APPROPRIATE

15. The Trustee has satisfied each of the requirements for recognition of the Boi Gordo Proceeding under Chapter 15 of the Bankruptcy Code. As set forth in the Trustee's Declaration:

(a) The Trustee qualifies as a "foreign representative" as defined in 11 U.S.C. § 101(24) because he is a person authorized under applicable Brazilian law, who has been designated by the São Paulo Court to act in that capacity.

(b) The Boi Gordo Proceeding is a "foreign main proceeding" as defined in 11 U.SC. § 101(23) and 1502(4), because it is (i) pending in Brazil, which is Boi Gordo's "center of main interests," as such term is used in Sections 1502(4), 1516(c) and 1517(b)(1), and (ii) a collective judicial proceeding under which Boi Gordo's assets and affairs are subject to the supervision of the São Paulo Court for the purpose of the bankruptcy.

## RELIEF REQUESTED

16. In furtherance of his duties the Trustee seeks an Order pursuant to §§ 105(a), 1507, 1517, 1520 and 1521 of the Bankruptcy Code, and, if and as necessary, Rule 65 of the Federal Rules of Civil Procedure as made applicable herein by Rule 7065 of the Federal Rules of Bankruptcy Procedure, granting the following relief:

(a) Recognizing the Boi Gordo Proceeding as a Foreign Main Proceeding as defined in § 1502(4) of the Bankruptcy Code and the Trustee as the Foreign Representative.

(b)     Granting relief as of right upon recognition of a foreign main proceeding pursuant to § 1520 of the Bankruptcy Code;

(c)     Granting further additional relief as authorized by § 1521 of the Bankruptcy Code, including, without limitation:

(i)     staying the commencement or continuation of any action or proceeding without the consent of the Trustee concerning the assets, rights, obligations or liabilities of Boi Gordo and of the Related Parties to the extent not stayed under § 1520(a) of the Bankruptcy Code.

(ii)     staying execution against the assets of Boi Gordo and of the Related Parties to the extent not stayed under § 1520(a);

(iii)     suspending the right to transfer or otherwise dispose of any assets of Boi Gordo and of the Related Parties to the extent this right has not been suspended under § 1520(a);

(iv)     providing for the examination of witnesses, the taking of evidence or the delivery of information concerning the assets, affairs, rights, obligations or liabilities of Boi Gordo and of the Related Parties, and finding that such information is required in the foreign proceeding under the law of the United States;

(v)     entrusting the administration or realization of all or part of the assets of Boi Gordo and of the Related Parties within the territorial jurisdiction of the United States to the Trustee;

(vi)     entrusting the distribution of all or part of Boi Gordo's and of the Related Parties' assets located within the United States to the Trustee and finding

ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.

that the assets of the creditors of Boi Gordo and of the Related Parties are sufficiently protected thereby;

(vii)   otherwise granting comity to and giving full force and effect to the Bankruptcy Order and any other order issued and to be issued in the Boi Gordo Proceeding; and

(viii)   awarding the Trustee such other and further relief as this Court may deem just and proper.

### HEARING DATE AND NOTICE

17.   The Trustee requests that the Court set the date for a hearing, pursuant to § 1517(c) of the Bankruptcy Code "at the earliest possible time".

### CONCLUSION

**WHEREFORE**, Petitioner respectfully requests that this Court enter an Order, substantially in the form of the Proposed Order and such other and further as may be just and proper.

Dated: December 8, 2009

> Respectfully Submitted,
> Astigarraga Davis
> Mullins & Grossman, P.A.
> *Attorneys for Petitioner*
> 701 Brickell Avenue, 16th Floor
> Miami, Florida 33131
> Telephone (305) 372-8282
> Facsimile (305) 372-8202
> Email: ggrossman@astidavis.com
>              edavis@astidavis.com
>
> By:   s/ Gregory S. Grossman
>         Gregory S. Grossman
>         Florida Bar No 896667
>         Edward H. Davis, Jr.
>         Florida Bar No: 704539

7

## **VERIFICATION**

BEFORE ME, the undersigned authority, personally appeared Gustavo Henrique Sauer de Arruda Pinto, who, after being first duly sworn, deposes and says that he is the court-appointed trustee for Fazendas Reunidas Boi Gordo, S.A. ("Boi Gordo"), and that, in such capacity, he has authority to make this verification; that the Affiant has read the foregoing Verified Petition For Recognition and states that the facts and matters alleged and contained therein are true and correct to the best of his information and belief; that this Affiant has made this Affidavit either upon his own personal knowledge of the facts involved or based upon his review of the books and records customarily kept and maintained by Boi Gordo.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Gustavo Henrique Sauer de Arruda Pinto
Trustee of Fazendas Reunidas Boi Gordo, S.A.
STATE OF  Florida
COUNTY OF  Miami-Dade

Sworn to and subscribed before me this 8 day of December, 2009, by Gustavo Henrique Sauer de Arruda Pinto, and who is personally known to me or has produced  passport  as identification and who did take an oath.

NOTARY PUBLIC

Sign: _____

Print: _____

My Commission Expires:

NEREIDA L. GONZALEZ
MY COMMISSION # DD 819247
EXPIRES: September 2, 2012
Bonded Thru Notary Public Underwriters

F:\WDOX\CLIENTS\99999\9999\00092105.DOC