Eric A. Hirsch
FRIED, FRANK, HARRIS, SHRIVER
  & JACOBSON LLP
One New York Plaza
New York, New York 10004-1980
(212) 859-8000

*Attorneys for Non-Parties*
*Vision Funds*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**

----------------------------------------------------------------- x
IN RE:                                                           :
                                                                 :
                                                                 :  Chapter 15
FAZENDAS REUNIDAS                                                :
BOI GORDO, S.A.                                                  :  Case No. 09-37116-AJC
                                                                 :
                                                                 :
Debtor in a Foreign Proceeding                                   :
----------------------------------------------------------------- x

**VISION FUNDS' RESPONSES AND OBJECTIONS TO SUBPOENA DUCES TECUM FOR RULE 2004 EXAMINATION**

Pursuant to the Court's order of February 5, 2014, non-party Vision Funds[1] hereby responds and objects to the subpoena *duces tecum* dated May 6, 2011 (the "Subpoena") issued by Gustavo Henrique Sauer de Arruda Pinto (the "Trustee") to Duane Morris LLP ("Duane Morris") as follows:

**GENERAL OBJECTIONS**

1.    Vision Funds objects to the Subpoena (including, but not limited to, all definitions and instructions) to the extent that it seeks to impose obligations that exceed or differ from those

---

[1]    The "Vision Funds" are AGK LLC, AGK Investments LLC, AGK 2 LLC, AGK 3 LLC, AGK 4 LLC, AGK 5 LLC, AGK 6 LLC, AGK 7 LLC, AGK 8 LLC, Groove Investments LLC, C.A.R.M. Investments LLC, G.A.A.L. Investments LLC, I.C.G.L. Investments LLC, B.A.B.Y. Investments LLC, Morang LLC, and Vision Brazil Gestão de Investimentos e Participações Ltda.

imposed by the Federal Rules of Bankruptcy Procedure and the Local Civil Rules of the United States Bankruptcy Court for the Southern District of Florida.

2. Vision Funds objects to the Subpoena to the extent it requires Duane Morris to produce documents and information that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity or limitation on discovery ("Privileged Materials"). Unless specifically stated otherwise, Vision Funds does not intend to authorize Duane Morris to produce any Privileged Materials. The inadvertent production of any Privileged Materials is not a waiver of any claim of privilege or other protection with respect to any Privileged Materials or any other document or matter, all of which are expressly reserved. Vision Funds further reserves the right to obtain the return of any such inadvertently produced information, prohibit its use in any manner, and/or demand the destruction of any such information inadvertently produced by Duane Morris in response to the Subpoena.

3. Vision Funds objects to the Subpoena to the extent it is overbroad, unduly burdensome, and oppressive in that it seeks documents without regard to the relevant time period at issue in the foreign bankruptcy proceeding referenced in the above caption or any other reasonable time limitation.

4. Vision Funds objects to the Subpoena to the extent that it seeks information (including publicly available documents) that may be obtained from other sources that are more convenient, less burdensome, and/or less expensive.

5. Vision Funds objects to the Subpoena to the extent it seeks information already in the possession, custody or control, or that is otherwise equally available to the parties to the above-captioned action.

6. Vision Funds objects to the definition of the term "Customer," on the grounds that "companies related thereto" is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Vision Funds will produce documents concerning the named entities identified in the Subpoena as well as any subsidiaries or members of the named entities (collectively, the "Relevant Entities").

7. Vision Funds objects to the Subpoena to the extent it purports to require the production of "any" documents under circumstances in which a subset of documents would be sufficient to show the pertinent information, on the grounds that such requests are overbroad and unduly burdensome, particularly on a non-party.

8. Vision Funds' responses and objections to the Subpoena (including, but not limited to, all Definitions and Instructions contained therein) are not intended to be and shall not be deemed an admission of the matters stated, implied or assumed by or in the Subpoena.

9. These responses are made solely for the purposes of this action. Vision Funds submits this response without waiving: (i) the right to object on any grounds (including but not limited to competence, relevance, materiality, privilege, or admissibility) to the use of the responses as evidence for any purpose, or for the use of the documents in any proceeding; (ii) the right to object on any grounds to any other discovery request concerning the subject matter of the Subpoena; and (iii) the right (but not the obligation, except as provided by rule or law) to revise, amend, supplement or clarify any of the responses or objections set forth above.

10. The foregoing General Objections shall be applicable to and included in the responses and objections to each of the Trustee's requests below. No specific objection set forth below is a waiver, in whole or in part, of any of the foregoing General Objections. Nothing contained in these responses, nor any production of documents, shall be construed as an

admission by Vision Funds of the existence or nonexistence of any information or document or the truth or the accuracy of any statement or characterization contained in any request.

**SPECIFIC RESPONSES AND OBJECTIONS**

**DOCUMENTS REQUESTED:**

All non-privileged documents to or from or relating to Customer, including without limitation the following:

(a) any payment records, cancelled checks (front and back), electronic funds transfer advices, invoices, or any other records reflecting payments or amounts charged for services provided by you to Customer;

(b) account-opening records, registration records, or similar documentation relating to Customer;

(c) any documents identifying officers, directors, or employees of Customer;

(d) copies of letters of engagement or retainer agreements or the like between you and Customer;

(e) any documents concerning the incorporation, founding, corporate structure, capitalization and/or establishment of Customer, including but not limited to certificates of incorporation, bylaws, corporate resolutions, public deeds, shareholders' agreements, minutes, tax returns, private placement memoranda, information memoranda to prospective investors, subscription agreements, asset and purchase agreements, investment contracts, loan agreements, registry shares, e-mails and correspondence; and

(f) any documents identifying the ultimate beneficial owner(s) of the share capital of any Customer.

## RESPONSES AND OBJECTIONS TO REQUEST:

Vision Funds objects to this request as overbroad and unduly burdensome. Vision Funds also objects to this request insofar as it seeks the production of documents that are neither relevant to the subject matter involved in the above-captioned action nor reasonably calculated to lead to the discovery of admissible evidence.

The assets that are at issue in the foreign bankruptcy proceeding referenced in the above caption were purchased in 2008. Accordingly, Vision Funds objects to Request subparts (a) and (b) as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent they seek documents from the Relevant Entities that pre-date the acquisition of these assets. Vision Funds also objects to Request subpart (e) to the extent it seeks minutes, tax returns, information memoranda to prospective investors, subscription agreements, asset and purchase agreements, investment contracts, loan agreements, registry shares, e-mails and correspondence that pre-date the acquisition of these assets. Subject to the foregoing Specific and General Objections, Vision Funds will authorize Duane Morris to produce non-Privileged Materials concerning the Relevant Entities in response to these Requests dated after June 30, 2007.

With respect to Requests subparts (c), (d), (f) and the remainder of subpart (e), subject to the foregoing Specific and General Objections, Vision Funds will authorize Duane Morris to produce non-Privileged Materials concerning the Relevant Entities in response to these Requests.

Dated: March 6, 2014

FRIED, FRANK, HARRIS, SHRIVER
  & JACOBSON LLP

By: _____
Eric A. Hirsch

One New York Plaza
New York, New York 10004-1980
Main Tel. Number: (212) 859-8000
Direct Dial Tel: Number: (212) 859-8737
Facsimile Number: (212) 859-4000
New York Bar No. 2934297
eric.hirsch@friedfrank.com

9316186

## ATTORNEY CERTIFICATION

**I HEREBY CERTIFY** that the undersigned attorney has submitted a motion dated March 6, 2014 to appear *pro hac vice* in the above-referenced proceeding.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of Vision Funds' Responses and Objections to Subpoena Duces Tecum for Rule 2004 Examination was furnished by overnight mail to all parties registered to receive such notice.

Dated: March 6, 2014

                          FRIED, FRANK, HARRIS, SHRIVER
                              & JACOBSON LLP

                          One New York Plaza
                          New York, New York 10004-1980
                          Main Tel. Number: (212) 859-8000
                          Direct Dial Tel: Number: (212) 859-8737
                          Facsimile Number: (212) 859-4000
                          New York Bar No. 2934297
                          eric.hirsch@friedfrank.com

                          By: _____
                                Eric A. Hirsch