UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

FAZENDAS REUNIDAS                                    Case No.: 09-37116-CLC
BOI GORDO, S.A.,

    Debtor in a Foreign Proceeding.                  Chapter 15
_____/

**FOREIGN REPRESENTATIVE'S MOTION TO CLOSE CHAPTER 15**
**ANCILLARY PROCEEDING, WITH INCORPORATED RULE 5009(C) REPORT**

    Gustavo Henrique Sauer de Arruda Pinto (the "Foreign Representative"), the foreign representative to Fazendas Reunidas Boi Gordo, S.A. (the "Debtor"), files this Motion for entry of an order closing this Chapter 15 foreign proceeding with an incorporated Report of Foreign Representative pursuant to Federal Rule of Bankruptcy Procedure 5009(c) (the "Motion"). In support of the Motion, the Foreign Representative states as follows:

    1.    On January 11, 2010, the Court entered its Order Granting Recognition of Foreign Main Proceeding Pursuant to §§ 1515 and 1517 and Request for Hearing (ECF No. 7) (the "Recognition Order"). The Recognition Order recognized the Debtor's Brazilian insolvency proceeding as a foreign main proceeding under 11 U.S.C. § 1517 and recognized Brazil as the Debtor's center of main interests.

    2.    Pursuant to the Recognition Order, the Foreign Representative served Rule 2004 subpoenas on multiple non-parties and obtained documentary evidence that furthered the Foreign Representative's investigation of the assets and affairs of the Debtor.

## RELIEF REQUESTED AND BASIS FOR RELIEF

**I.     Closing Of Chapter 15 Ancillary Proceeding**

3.     The Foreign Representative seeks to close this Chapter 15 case pursuant to 11 U.S.C. § 350 and Federal Rule of Bankruptcy Procedure 5009(c).[1]

4.     The Court shall close a case after the estate is fully administered and the Court has discharged the trustee. 11 U.S.C. § 350.  In the context of Chapter 15, an estate is presumed to be fully administered if no objection is filed by the United States Trustee or a party in interest to a foreign representative's final report under FRBP 5009(c).

5.     The Foreign Representative seeks to close this case under FRBP 5009(c) and he provides a final report describing the nature and results of the Foreign Representative's activities in this Court as follows:

   a. On December 8, 2009, the Foreign Representative commenced this Chapter 15 case by filing a petition for recognition of the Debtor's insolvency proceedings pending in Brazil (ECF No. 1) (the "<u>Petition</u>").

   b. The purpose of the recognition was to assist the Foreign Representative's efforts to investigate the affairs of the Debtor and, if necessary, marshal assets of the Debtor's estate that may be located in the United States.

---

[1] Bankruptcy Rule 5009(c) provides:

A foreign representative in a proceeding recognized under §1517 of the Code shall file a final report when the purpose of the representative's appearance in the court is completed. The report shall describe the nature and results of the representative's activities in the court. The foreign representative shall transmit the report to the United States trustee, and give notice of its filing to the debtor, all persons or bodies authorized to administer foreign proceedings of the debtor, all parties to litigation pending in the United States in which the debtor was a party at the time of the filing of the petition, and such other entities as the court may direct. The foreign representative shall file a certificate with the court that notice has been given. If no objection has been filed by the United States trustee or a party in interest within 30 days after the certificate is filed, there shall be a presumption that the case has been fully administered.

2

c. To that end, the Recognition Order authorized the Foreign Representative to issue discovery pursuant to Bankruptcy Rule 2004 and Local Bankruptcy Rule 2004-1.

d. The Foreign Representative issued subpoenas under Bankruptcy Rule 2004 to several third-parties in connection with the Debtor and its affairs and gathered documentary evidence that assisted its investigation.

e. As the Foreign Representative does not require any further assistance in connection with this Chapter 15 case, the purpose of his appearance is now completed.

6. The Foreign Representative transmits this Motion and incorporated Rule 5009(c) Report to the United States Trustee and give notices of its filing to all persons or bodies authorized to administer foreign proceedings of the Debtor. As indicted in the certificate of service below, the Foreign Representative submits that such notice has been given.

7. Rule 5009(c) provides that if no objection is filed by the United States Trustee or a party in interest within 30 days after the Foreign Representative files the certificate of service as described below, the case is presumed to have been fully administered.

WHEREFORE the Foreign Representative respectfully requests that this Court (i) grant this Motion, (ii) enter an order substantially in the form as the proposed order attached as **Exhibit 1** administratively closing this Chapter 15 case in the absence of any objection by a party in interest to the Final Report within 30 days hereof; and (iii) enter such other and further relief as the Court deems just and proper.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on June 22, 2023 upon all interested parties registered to receive notice via this Court's CM/ECF electronic notification system.

Date: June 22, 2023

Respectfully submitted,

SEQUOR LAW, P.A.
1111 Brickell Avenue, Suite 1250
Miami, Florida 33131
Telephone: 305-372-8282
Facsimile: 305-372-8202

By: */s/ Juan J. Mendoza*
Juan J. Mendoza
jmendoza@sequorlaw.com
Florida Bar No.: 113587
Gregory S. Grossman
ggrossman@sequorlaw.com
Florida Bar No.: 896667

## SERVICE LIST

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case:

- Gregory S Grossman    ggrossman@sequorlaw.com; ngonzalez@sequorlaw.com
- Nyana A Miller    nmiller@sequorlaw.com; mrivera@sequorlaw.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Kristopher E Pearson    kpearson@stearnsweaver.com; jless@stearnsweaver.com; MFernandez@stearnsweaver.com

**Manual Notice List**

The following is the list of **parties** who will receive via US Mail:

Eric A Hirsch
One New York Plaza
New York, NY 10004-1980

*EXHIBIT "1"*

SEQUOR LAW, P.A.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

FAZENDAS REUNIDAS  
BOI GORDO, S.A.,

Case No.: 09-37116-CLC

    Debtor in a Foreign Proceeding.

Chapter 15

_____/

### ORDER GRANTING FOREIGN REPRESENTATIVE'S
### MOTION TO CLOSE CHAPTER 15 ANCILLARY PROCEEDING

THIS CAUSE came before the Court, upon the Foreign Representative's Motion to Close Chapter 15 Ancillary Proceeding, with Incorporated Rule 5009(c) Report (ECF No. 95) (the "Motion"), filed Gustavo Henrique Sauer de Arruda Pinto (the "Foreign Representative"), the foreign representative to Fazendas Reunidas Boi Gordo, S.A. (the "Debtor"). The Court has considered the Motion, the record, the Foreign Representative's Rule 5009(c) final report

incorporated in the Motion, and the Certificate of Service, and is otherwise duly informed. As no objection was filed within 30 days after the filing of the Motion by the United States Trustee or a party in interest, the Court finds that the estate is considered to be fully administered under FRBP 5009(c). Accordingly, it is

ORDERED and ADJUDGED that:

1. The Motion is GRANTED.

2. The Debtor's estate has been fully administered in the United States.

3. The Clerk is directed to close this case pursuant to 11 U.S.C. § 350 and FRBP 5009(c).

### #

Submitted by:

Juan J. Mendoza, Esq.
SEQUOR LAW
1111 Brickell Avenue, Suite 1250
Miami, Florida 33131
Telephone: 305-372-8282
Facsimile: 305-372-8202
E-Mail: jmendoza@sequorlaw.com

Attorney Juan J. Mendoza shall serve a copy of this Order on all interested parties entitled to service and file a certificate of service thereafter.